UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BOBBY SMITH** | : | **CIVIL ACTION NO. 2:16-cv-1208** |
| B.O.P. # 6134-095 | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **WARDEN JOHNSON** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is an application for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Bobby Smith ("Smith"). Smith is in the custody of the Federal Bureau of Prisons ("BOP") and is incarcerated at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO"). However, his petition is based on events that occurred while he was incarcerated at the Federal Correctional Institute in Talladega, Alabama ("FCIT").[1]

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### I.
#### BACKGROUND

Smith seeks a federal writ of *habeas corpus* to challenge a prison disciplinary conviction that resulted in the loss of good-time credits and other sanctions. Doc. 1, p. 3. The charge was

---

[1] Jurisdiction must be judged as of the time a petition is filed. *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir. 2001). Because Smith was incarcerated in this district when he filed his petition, jurisdiction and venue over his § 2241 petition are proper. *Id.*; 28 U.S.C. § 2241(d).

referred to the Disciplinary Hearing Officer ("DHO"). On June 20, 2016, a hearing was held before the DHO wherein Smith was found guilty of possessing a hazardous tool, namely a cell phone. Doc. 1, att. 2, p. 4. His sanctions included loss of forty-one days of good time credit, loss of phone privileges for six months, and thirty days of disciplinary segregation. *Id.* at 3. Smith alleges that he also lost a twelve month reduction in his sentence that he had earned following his completion of the Residential Drug Abuse Treatment Program ("RDAP").[2] Doc. 1, p. 3.

Smith alleges that the forfeiture of the good time credit and the loss of the RDAP reduction amounted to an unconstitutional taking of his "liberty without due process or indictment." *Id.* at 6. He also claims that he was innocent of the charged violation as his cellmate claimed ownership of the cell phones. *Id.* at 2, 6.

As relief Smith asks this court to reinstate the twelve month sentence reduction he claims he had earned and place him in a halfway house, with his out-date reflecting the twelve month reduction. *Id.* at 7.

## II.
### LAW AND ANALYSIS

Smith seeks *habeas corpus* relief pursuant to 28 U.S.C. § 2241, which provides that "the writ of *habeas corpus* shall not extend to a prisoner unless – [h]e is in custody in violation of the Constitution or laws or treaties of the United States . . . ." 28 U.S.C. § 2241(c)(3). Here Smith claims that he was wrongfully deprived of good-time credits and other privileges.

---

[2] The documentation provided by Smith shows that he only appealed the DHO's findings up to the regional level. Smith claims that prison officials at FCIT prevented, thwarted, or hindered his exhaustion efforts. Doc. 1, pp. 3–6. Prisoners seeking relief under § 2241 are generally required to exhaust available administrative remedies before filing in federal court, absent certain extraordinary circumstances. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Regardless of whether Smith is excused from that requirement, the information before the court shows that the claims brought herein are nevertheless subject to dismissal.

### A. Miscellaneous Sanctions

According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 767–68 (5th Cir. 1997). Limitations imposed upon commissary or recreational privileges, and a cell restriction or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See id.*; *compare Sandlin v. Conner*, 115 S. Ct. 2293, 2301 (1995) (no liberty interest protecting against a thirty day period of disciplinary segregation) *with Wilkinson v. Austin*, 125 S. Ct. 2384, 2394–95 (2005) (indefinite disciplinary segregation was an atypical punishment implicating the Due Process Clause). The Fifth Circuit has also decided that adjustments to a prisoner's classification status and the potential impact on good-time credit earning ability are not protected by the Due Process Clause. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).

Because neither the loss of phone privileges nor the disciplinary segregation implicate a protected liberty interest, Smith cannot show that he is entitled to *habeas corpus* relief from these forms of punishment.

### B. Loss of Good Time Credits

Federal prisoners have liberty interests in their accumulated good-time credit. *See Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). Because a good-time credit liberty interest is implicated, the analysis approved by the Supreme Court in *Wolff v. McDonnell*, 94 S. Ct. 2963 (1974), and *Superintendent, Massachusetts Correctional Institution v. Hill*, 105 S. Ct. 2768 (1985), governs this review of the contested disciplinary proceedings.

In order for a prison disciplinary proceeding to comport with the requirements of due process, the following minimal procedural safeguards must be afforded: (1) adequate notice of the

alleged violation; (2) an opportunity to present evidence; (3) written findings in support of the ruling; and (4) the requirement that upon review, "some evidence" support the ruling. *Hill*, 105 S. Ct. at 2773–74; *Wolff*, 94 S. Ct. at 2978–80.

Smith does not show how his DHO hearing fell short of the requirements of *Wolff*. On June 14, 2016, he received a copy of the incident report, which specifically described the alleged disciplinary infraction.[3] Doc. 1, att. 2, p. 2. He was advised of his rights before the DHO on June 15, 2016. *Id.* at 4. Smith was given the opportunity to call witnesses and present evidence to aid in his defense at the hearing. *Id.* He was also given the opportunity to have a staff representative present during the hearing. *Id.* Additionally, Smith received the DHO report containing a written statement of the evidence relied upon and the reasons supporting the sanctions imposed by the DHO. *Id.* at 3. Based on the foregoing, the record demonstrates that Smith's disciplinary proceedings complied with the *Wolff* requirements.

Further, courts will not review a disciplinary hearing officer's factual findings *de novo*. Instead, the courts will only consider whether the decision is supported by "some facts" or by "a modicum of evidence." *Hill*, 105 S. Ct. at 2773-74. Accordingly, "[p]rison disciplinary proceedings are overturned only where no evidence in the record supports the decision." *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001). "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). The information provided in a written incident report standing alone can satisfy the "some evidence" standard. *Id.* at 536–37.

---

[3] We note that the charge listed in the original incident report (introduction, manufactory of a cell phone) was not the one on which Smith was found guilty (possession of a hazardous tool). "The sufficiency of notice hinges upon whether it allows the prisoner to 'marshal the facts' to prepare a defense." *Nelms v. Young*, 2009 WL 1160682, *6 (W.D. La. Apr. 29, 2009) (quoting *Wolff*, 94 S.Ct. at 2978). Although *Wolff* requires notice of the charge as well as the factual basis, the notice is deemed sufficient where the modified and original charges rely on the same factual allegations. *Nelms*, 2009 WL 1160682 at *9 (citing *Northern v. Hanks*, 326 F.3d 909, 910–11 (7th Cir. 2003)) (additional citations omitted). Smith does not allege that that requirement was not met here.

In this case, the DHO considered the following: (1) the incident report; (2) the investigation; (3) the statement of the reporting officer; and (4) a photograph of the cell phone. Doc. 1, att. 2, pp. 3–4. Based on a review of the above information, the hearing officer found Smith guilty of the charged offense. Given the range of information relied upon by the DHO, there is no question that the "some evidence" standard was met.

Accordingly, Smith has failed to show that a constitutional violation occurred and his claims should be denied.

### C. *Loss of RDAP Early Release Credit*

Smith's due process claim concerning the loss of the RDAP credit is equally meritless.

"Upon completion of the program, an inmate convicted of a nonviolent felony *may* obtain a sentence reduction not exceeding one year, subject to the BOP's discretionary authority under 18 U.S.C. § 3621(e)(2)(B)." *Torres v. Chapman*, 359 F. App'x 459, 460–61 (5th Cir. 2009) (unpublished) (emphasis added). However, "[t]he Due Process Clause does not itself confer a liberty interest in a sentence reduction for completion of an RDAP." *Richardson v. Joslin*, 501 F.3d 415, 419 (5th Cir. 2007). "Prison officials enjoy 'broad discretion to deny sentence reductions' even to inmates who have completed a treatment program." *Giraldo v. Laughlin*, 516 F. App'x 404, 405 (5th Cir. 2013) (unpublished) (citing *Rublee v. Fleming*, 160 F.3d 213, 216 (5th Cir.1998)). The BOP's broad discretion "precludes the possibility of a liberty interest in early release under § 3621. Without a liberty interest, there is no procedural due process claim." *Handley v. Chapman*, 587 F.3d 273, 281 (5th Cir. 2009) (internal citations omitted). Thus Smith's claim fails in this regard as well.

### III.
#### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that the application for writ of *habeas corpus* be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 2(b), parties aggrieved by this report and recommendation have fourteen (14) days from its service to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 19th day of January, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE